UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN C. WILDS, JR.,

    Plaintiff,

v.                        Case No.  1:21-cv-00142-MW-GRJ

CENTERRA GROUP, LLC,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR FINAL SUMMARY JUDGMENT

The Amended Complaint [Doc. 5] is subject to dismissal with prejudice as to Defendant, CENTERRA GROUP, LLC ("Centerra"), because this Court, through its Order of Special Appointment [Doc. 7], has inadvertently named the wrong Defendant.  Centerra, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), moves for an Order dismissing the Amended Complaint with prejudice or, in the alternative, pursuant to Fed. R. Civ. P. 56, granting final summary judgment to Centerra, and in support thereof states as follows:

    1.    This is a lawsuit involving claims arising under the ADA's public facility access laws.  [Doc. 5]

    2.    On September 2, 2021, Plaintiff, *pro se*, filed a Complaint in the United States District Court for the Northern District of Florida.  [Doc. 1].

3. On November 24, 2021, Plaintiff filed an Amended Complaint, styled *Wilds John C. Jr. v. Gainesville Federal Building Security Officers*, Case No. 1:21-cv-00142-MW-GRJ. [Doc. 5]

4. In the Amended Complaint, Plaintiff identifies the Defendant as "Gainesville Federal Building Security" and states that Defendant is employed at the "Gainesville Federal Building" (the "Gainesville Courthouse"), located at "401 SE 1st Ave, Gainesville, Florida 32601." [*Id.* at p. 3]

5. According to the Amended Complaint, "Gainesville Federal Building Security" violated his rights under the ADA when unnamed court security officers working at the Gainesville Courthouse required him to remove his unleashed service animal. [*Id.*]

6. Importantly, the Amended Complaint does not name Centerra or identify any individuals employed by Centerra.

7. As this Court has properly noted in its Order of Special Appointment, the ADA does not authorize lawsuits against individuals. [Doc. 7 at p. 1, n.1]

8. It is understandable, therefore, that this Court substituted an entity (such as Defendant) in place of the unnamed court security officers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys); *but see also*

*Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994) (a *pro se* litigant must still meet minimal pleading standards).

9. However, in naming Centerra as Defendant in this lawsuit, this Court inadvertently selected the wrong entity as the employer of the unnamed court security officers described in the Amended Complaint.

10. The reason for this is that Centerra does not employ – and has not employed during the time period applicable to the Amended Complaint's allegations – any security officers (or any other individuals, for that matter) at the Gainesville Courthouse. [*See* Declaration of Ronald Horch at ¶¶ 1-9]

11. During the time period applicable to the Amended Complaint's allegations, an entity known as Ahtna Professional Services, Inc. ("Ahtna") provided security staffing services for the Gainesville Courthouse pursuant to a contract between the United States Marshals Service and a joint venture between Centerra and Ahtna (the "Joint Venture"). [*Id.* at ¶¶ 4, 6]

12. The employees of Ahtna that provided these security staffing services at the Gainesville Courthouse were not employees of Centerra. [*Id.* at ¶ 7]

13. It is well settled that: "A court cannot rewrite an inadequate complaint to plead essential allegations in order to sustain an action. This is true even in cases involving pro se litigants." *Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995). Under Rule 12(b)(6), a motion to dismiss should be granted only

if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating Conley, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Twombly*, 550 U.S. at 556).

14. Further, "It is axiomatic that an action may survive only if the plaintiff named the appropriate defendant in its complaint." *Citizens Ins. Co. v. Stone*, No. 1:16-cv56-MW/GRJ, 2016 U.S. Dist. LEXIS 191497, at *13 (N.D. Fla. Nov. 30, 2016), *citing Weathington v. City of Detroit,* No. 12-13573, 2013 U.S. Dist. LEXIS 111354, at *1 (E.D. Mich. Aug. 7, 2013) (dismissing complaint because "Plaintiff simply named the wrong defendant in her complaint").

15. In this case, because Centerra did not employ any security officers at the Gainesville Courthouse during the time period in question, and because the Amended Complaint does not contain any allegations to that effect (nor can it, even upon amendment), Centerra is not a proper defendant in this lawsuit and the Amended Complaint against it should be dismissed with prejudice. *See Thomas v. Hillsborough Cty. Sheriff's Office*, No. 8:20-cv2756-CEH-AAS, 2021 U.S. Dist. LEXIS 167225, at *5 (M.D. Fla. Sep. 2, 2021) (dismissing Complaint because the proper party in a civil action against the sheriff's office was not named).

16. In the alternative, this Court should enter final summary judgment in favor of Centerra on the grounds that there is no disputed issue of material fact that Centerra did not employ any security officers (or any other individuals, for that matter) at the Gainesville Courthouse during the time period in question.[1]

**WHEREFORE**, Defendant, Centerra Group, LLC, moves for entry of an Order dismissing Plaintiff's Complaint with prejudice or, in the alternative, granting final summary judgment in favor of Defendant.

DATED this 24th day of January, 2022.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Telephone: (904) 638-2655
Facsimile: (904) 638-2656

By: /s/ *Brian L. Hayden*
Brian L. Hayden
Florida Bar No. 0058987
Brian.Hayden@jacksonlewis.com
Greta R. Morris
Greta.Morris@jacksonlewis.com
Florida Bar No. 1015614
*Attorneys for Defendant*

---

[1] Rule 56 of the Federal Rules of Civil Procedure states in relevant part, "[t]the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *See Mize v. Jefferson City Bd. of Educ.*, 9 F.3d 739, 742 (11th Cir. 1996); *see also Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990) (a mere "scintilla" of evidence in favor of the non-moving party is insufficient as a matter of law to overcome summary judgment).

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed using the CM/ECF System, and served via email to pro-se Plaintiff this 24th day of January, 2022:

John C. Wilds, Jr.
4103 SW 17th Pl
Gainesville, FL 32607
Email: anyamerica0@gmail.com
*Pro-Se Plaintiff*

/s/ *Brian L. Hayden*
Attorney
4856-7899-4953, v. 2