IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN C. WILDS, JR.,

    Plaintiff,

vs.

CASE NO.: 1:21-cv-142-MW-GRJ

AKHI, LLC and AHTNA
PROFESSIONAL SERVICES, INC.,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS

Defendants AKHI, LLC ("Akhi") and AHTNA PROFESSIONAL SERVICES, INC. ("Ahtna") (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move to dismiss the First Amended Complaint[1] filed by Plaintiff, JOHN C. WILDS, JR. ("Plaintiff").

## INTRODUCTION

Plaintiff does not state a claim against Defendants. Plaintiff's state law claim fails because there is no private right of action under Florida Statute § 413.08. Plaintiff's federal ADA claim must be dismissed for a myriad reasons, and as a

---

[1] Plaintiff previously actually filed a Complaint [Doc. 1], and an Amended Complaint [Doc. 5] in this action, so the operative complaint is technically a second amended complaint.

matter of law. Moreover, Plaintiff offers no factual allegations to demonstrate any plausible entitlement to relief.

## BACKGROUND

On September 2, 2021, Plaintiff filed a Complaint against "Security Officers," claiming that he went to the United States Courthouse, located at 401 SE 1st Ave., in Gainesville, Florida ("Courthouse"), and was told that he needed to have his "service dog" on a leash. [Doc. 1]. Based upon this, Plaintiff claimed violations of Florida Statute § 413.08(3)(a)-(b), relating to service animals, and generally, "federal law." *Id.* On November 24, 2021, Plaintiff filed an Amended Complaint against "Gainesville Federal Building Security Officers," alleging similar claims, and claiming violations of Florida Statute § 413.08(a) and "Federal guidelines under the ADA act." [Doc. 5].

Shortly thereafter, on November 30, 2021, this Court reviewed the allegations in Plaintiff's First Amended Complaint (at Doc. 5) and directed service of the First Amended Complaint on Centerra Group, LLC. [Doc. 7]. In that same Order, this Court advised Plaintiff that no further amendments to the Complaint would be permitted by the Court, unless he filed a separate motion for leave to so amend and provided a copy of the proposed amended complaint. *Id.*

On January 24, 2022, Centerra Group, LLC, filed a motion to dismiss Plaintiff's First Amended Complaint, notifying the Court that it had inadvertently

2

been named as defendant in this case. [Doc. 11]. On February 18, 2022, Plaintiff filed a "Motion for Appeal and Amend Complaint," notifying the Court of the same. [Doc. 14]. On February 23, 2022, the Court granted Plaintiff's Motion and directed Plaintiff to file an amended complaint (*i.e.* the second amended complaint). [Doc. 18].

Plaintiff filed the Amended Complaint ("Second Amended Complaint") on March 17, 2022, against Defendants.[2] [Doc. 19]. The Second Amended Complaint is the operative complaint in this matter. *Id.* Plaintiff claims that "security demanded [he] put [his] service animal on a leash," in violation of "Federal A.D.A. service animal law and FL state statute . . . 413.08 sec3a." *Id.* Defendants waived service of the Second Amended Complaint, and thus, a response to the Second Amended Complaint is due May 23, 2022. [Doc. 23].

## MEMORANDUM OF LAW

I. **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

---

[2] As an initial matter, Akhi has nothing to do with the contract and is not a party to the contract regarding the security services provided at the Courthouse. Accordingly, if the Second Amended Complaint is not dismissed in its entirety pursuant to this Motion, Defendants intend to file a motion for summary judgment that raises, amongst other things, the fact that Akhi is not a proper defendant in this action.

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations, quotations, and alterations omitted). To comply with Rule 8, then, a complaint does not "require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the plaintiff's complaint.

To overcome a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Importantly, a plaintiff's obligation to provide the grounds for relief, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. And, while pro se complaints are held to less stringent standards, "a court does not have license to rewrite an otherwise deficient pleading by a pro se litigant in order to sustain an action." *See Williams v. Capella University*, No. 1:16-cv-

325-MW-GRJ, 2016 WL 7733974, at *2 (N.D. Fla. Dec. 12, 2016) (internal citations, quotations, and alterations omitted).

II. <u>Argument</u>

 A. *Plaintiff Fails To State A Claim Under Florida Statute § 413.08.*

Plaintiff attempts to bring a claim against Defendants under "FL statute 413.08 sec3a." *See* Second Amended Complaint at p. 7. Plaintiff's state law claim must be dismissed for failure to state a claim under Rule12(b)(6) because Florida Statute § 413.08 does not provide a private right of action for Plaintiff to proceed.

Indeed, Florida Statute § 413.08 only provides for criminal penalties, not a private right of action. *See* Fla. Stat. § 413.08(4) (violation of statute is second-degree misdemeanor and imposes community service). What is more, "[o]utside of the context of public employment, no court has yet recognized a private right of action under Fla. Stat. § 413.08." *Ring v. Boca Ciega Yacht Club, Inc.*, 8:19-cv-772-T-33JSS, 2019 WL 5802634, at *12-13 (M.D. Fla. Nov. 7, 2019) (collecting cases); *see also Shotz v. Broward Cnty. Dep't of Parks & Recreation*, No. 05-61965-CIV-MARRA/JOHNSON, 2007 WL 9700824, at *3-5 (S.D. Fla. July 19, 2007) ("[T]hese statutes are criminal statutes. . . If the Legislature wanted to provide a private cause of action, it was capable of doing so."). Because there is no private right of action, Plaintiff's claim under § 413.08 must be dismissed. *Id.*

 B. *Plaintiff Fails To State A Claim Under The ADA.*

5

Plaintiff vaguely claims Defendants violated "Federal A.D.A. Law" (*see* Second Amended Complaint at p.7), but does not specify what provisions of the ADA he intends to bring a claim against Defendants under. In any event, under Title III of the Americans with Disabilities Act ("ADA")—which applies to private entities such as Defendants and is the only portion of the ADA that Plaintiff could remotely base his claims on[3]—Plaintiff fails to state a claim for several reasons, and therefore, his claim under the ADA should be dismissed.

> i. *The Federal Courthouse Mentioned In The Second Amended Complaint Is Not A Place Of "Public Accommodation" Under Title III Of The ADA.*

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation." 42 U.S.C. § 12181(a). A "public accommodation" includes

---

[3]Title I of the ADA does not apply as Title I prohibits discrimination in the workplace. *See* 42 U.S.C. § 12112. Title II of the ADA does not apply because it applies to public entities, and Defendants are not public entities. *See, e.g.,* 42 U.S.C. § 12131(1) ("The term 'public entity' means. . . (A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority. . ."); *id.* at § 12132 (prohibiting discrimination by public entities against qualified individuals with disabilities). Finally, Title IV of the ADA does not apply because it relates to retaliation and interference, coercion, or intimidation of individuals who have engaged in protected activity. *See generally* 42 U.S.C. § 12203.

6

various "*private* entities," including, but not limited to, restaurants, museums, hotels, movie theaters, grocery stores, etc. *See id.* at § 12181(7). There is no support (and Plaintiff provides none) to find that a courthouse, like the one described in the Complaint, is a place of public accommodation as defined by the ADA. Indeed, a courthouse is not a private entity. *See, e.g., Weber v. Eash*, No. 2:15-CV-225-RMP, 2015 WL 8585820, at *2-3 (E.D. Wash. Dec. 10, 2015) (finding plaintiff failed to state claim upon which relief could be granted under Title III as federal courthouse was not "public accommodation"). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Defendants under Title III of the ADA.

> ii. *Defendants Do Not Own, Lease, Or Operate A Place Of Public Accommodation Under 42 U.S.C. § 12182(a).*

Even if the Courthouse was determined to be a place of public accommodation (it is not), Defendants do not own, lease, or operate the Courthouse. The general rule under Title III of the ADA is as follows: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who *owns, leases (or leases to), or operates a place of public accommodation*." 42 U.S.C. § 12182(a) (emphasis added).

Defendants do not own, lease, or operate the federal Courthouse, but merely provide security services there. Title III of the ADA does not state that it applies to entities, such as security services, which merely provide a service in a place of public

accommodation. *See Abbott v. Town of Salem*, No. 05-CV-127-SM, 2006 WL 276704, at *5 (D.N.H. Feb. 2, 2006) (plaintiff's ADA claim dismissed because defendant provided security services at mall and therefore operated a service, not place of public accommodation); *see also Fernandez v. Frank*, No. 10-00573, 2012 WL 1004322, at *6 (D. Haw. Mar. 23, 2012) (§ 12181 claim not viable because no evidence security guard owned, leased, or operated place of public accommodation), *aff'd*, 548 F. App'x 504 (9th Cir. 2013).

Moreover, Plaintiff has failed to plausibly allege—or even allege whatsoever—that Defendants own, lease, or operate the Courthouse as required by 42 U.S.C. § 12182(a). *See, e.g., McNeil v. Chereddy*, 6:20-cv-1767-WWB-GJK, 2021 WL 2955860, at *4 (M.D. Fla. Apr. 8, 2021) (in physical barrier case under Title III of ADA, denying plaintiff's motion for entry of judgment because plaintiff provided no additional factual allegations regarding ownership and control of building other than stating based upon information and belief that defendant owns, leases, and/or operates facility). Indeed, Plaintiff did not even make bare allegations that Defendants owned or operated the Courthouse, and thus, his claim under the ADA against Defendants must be dismissed.

> iii. *The Complaint Does Not Provide Any Facts To Demonstrate That Plaintiff Was In Compliance With 28 C.F.R. § 36.302.*

28 C.F.R. § 36.302 relates to Title III of the ADA, service animals, and when such animals must be under a handler's control. *See generally* 28 C.F.R. §

8

36.302(c). Specifically, "A service animal shall be under the control of its handler. A service animal shall have a harness, leash, or other tether, unless either the handler is unable because of a disability to use a harness, leash, or other tether, or the use of a harness, leash, or other tether would interfere with the service animal's safe, effective performance of work or tasks, in which case the service animal must be otherwise under the handler's control (*e.g.,* voice control, signals, or other effective means)." 28 C.F.R. § 36.302(c)(4). It also provides that in the absence of a service dog being under a handler's control, a "public accommodation may ask an individual with a disability to remove a service animal from the premises if: (i) [t]he animal is out of control and the animal's handler does not take effective action to control it; or (ii) [t]he animal is not housebroken." *Id.* at § 36.302(c)(2).

Here, the Second Amended Complaint does not contain an allegation that Plaintiff complied with § 36.302(c) by having his service animal on a harness, leash, or other tether. *See generally* Complaint. Nor has Plaintiff pleaded any facts that "the use of a harness, leash, or other tether would interfere with the service animal's safe, effective performance of work or tasks." *See, e.g.,* 28 C.F.R. § 36.302(c)(4). Instead, Plaintiff merely states that he "present[ed] them [security] with the statute" (presumably, Florida Statute § 413.08) and that "their demands continued to place her on a leash." *Id.*

Accordingly, Plaintiff fails to state a claim that Defendants discriminated

against him in violation of the ADA. *See Thomas v. University of South Florida*,[4] No. 8:19-cv-55-T-36AAS, 2019 WL 2452825, at *3-4 (M.D. Fla. June 12, 2019) (granting motion to dismiss plaintiff's complaint where complaint did not contain allegation that plaintiff followed § 35.136(d)[5] by having service animal on harness, leash, or other tether, and did not contain facts indicating plaintiff was unable to control service animal). For this reason, Plaintiff's ADA claim against Defendants must be dismissed.

      *iv. Plaintiff Failed To Allege Facts In Support Of A Cognizable ADA Claim.*

Even if the Courthouse was a place of "public accommodation" under the ADA (it is not), and Plaintiff had alleged facts to demonstrate that he was in

---

[4] In *Thomas*, the plaintiff was permitted an opportunity to file an amended complaint to cure the deficiencies in his complaint. *Thomas*, 2019 WL 2452825 at *4-5. Here, Plaintiff should not be provided another opportunity to cure the deficiencies in the Complaint, as he has already been provided the opportunity by this Court to file an amended complaint, and subsequently failed to cure numerous deficiencies in the [Amended] Complaint [Doc. 19]. Additionally, several of the deficiencies outlined in this Motion warrant dismissal standing alone and cannot be cured by amending as a matter of law. For example, as detailed within this Motion, Plaintiff's claim under Florida Statute § 413.08 does not provide any private right of action, and Plaintiff's claim under the ADA cannot proceed as a federal courthouse is not a "public accommodation," as defined by the statute. *See, e.g., Ring*, 2019 WL 580234 at *13 (internal citations omitted) (because private right of action does not exist under Section 413.08, any amendment would be futile and thus complaint must be dismissed with prejudice).

[5] 28 C.F.R. § 35.136(d) largely mirrors 28 C.F.R. § 36.302(c), but simply applies to public entities, whereas § 36.302(c) applies to private entities.

compliance with 28 C.F.R. § 36.302 (he did not), Plaintiff still failed to allege facts in support of a cognizable ADA claim. "To state a claim under the ADA, Plaintiff must 'show a disability, the denial of a public benefit, and that such denial of benefits, or discrimination was by reason of the plaintiff's disability.'" *Blais v. Williston Crossing East, LLC*, No. 1:20-cv-21-AW-GRJ, 2020 WL 4043091, at *3 (N.D. Fla. May 20, 2020); *Blais v. Willison Crossing East, LLC*, 2020 WL 4042809, at *1 (N.D. Fla. July 17, 2020) (adopting report and recommendation, in part, explaining plaintiff failed to allege facts to plausibly support a claim under ADA). Importantly, Plaintiff did not allege any facts to suggest that he has a qualifying disability "that 'substantially limits' a major life activity within the meaning of the ADA." *See Blais*, 2020 WL 4043091, at *3 (plaintiff failed to state plausible claim of relief under ADA because plaintiff failed to allege facts suggesting plaintiff's alleged physical difficulties amounted to impairment that substantially limits major life activity within meaning of ADA).[6]

The Second Amended Complaint is devoid of any mention that Plaintiff is even disabled, let alone any facts to suggest that he has a qualifying disability under the ADA. *See generally* Second Amended Complaint. In fact, the Second Amended

---

[6] Indeed, Plaintiff has failed to show that he was disabled when applying for Supplemental Security Income under Title XVI of the Social Security Act. *Wilds v. Saul*, No. 1:19-cv-135-GRJ (N.D. Fla. Sep. 18, 2020) (affirming denial of application by the Commission of Social Security).

Complaint does not even set forth the date on which Plaintiff allegedly went to the Courthouse. For these reasons, Plaintiff failed to sufficiently alleged facts to support a cognizable ADA claim, and his ADA claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an Order dismissing Plaintiff's Complaint in its entirety and with prejudice.

## Local Rule 7.1(F) Certification

Pursuant to N.D. Fla. Local Rule 7.1(F), I hereby certify that this Motion is in compliance with the Court's word limit. According to the word processing program used to prepare this pleading, the total number of words in the pleading, inclusive of all parts, is 2,888.

Dated: May 23, 2022

Respectfully submitted,

*s/Taylor A. Harduvel*
Taylor A. Harduvel, Esq.
Florida Bar No.: 1018042
Primary E-Mail: tharduvel@bakerlaw.com
Secondary E-Mail: dmanser@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Ste. 2300
Orlando, FL 32802-0112
Telephone: (407) 649-4000
Facsimile: (407) 841-0168
**ATTORNEY FOR DEFENDANTS**