IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN C. WILDS, JR.,

      Plaintiff,

v.                                CASE NO. 1:21-cv-142-MW-GRJ

AKHI LLC and AHTNA
PROFESSIONAL SERVS. INC.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion to Dismiss for failure to state a claim, ECF No. 26, in this case brought pursuant to the Americans with Disabilities Act ("ADA") and Florida Statute § 413.08(3), ECF No. 5. *Pro se* in forma pauperis plaintiff, John C. Wilds ("Wilds") has responded, ECF No. 32, so the motion is ripe for resolution.

Upon careful consideration, the undersigned respectfully **RECOMMENDS** that the motion is due to be **GRANTED** on the grounds that Wilds has no federal claim against Defendants and the Court should decline exercising supplemental jurisdiction over Wilds' lone state law claim. Notwithstanding that recommendation, because the remedy Wilds seeks is an accommodation for his disability so that he can have access to

the federal courthouse in Gainesville, Florida, the undersigned directs the

**Clerk** to conduct a reasonable investigation to see whether Wilds' request

that he be permitted to enter the courthouse building with his service dog

off leash can be accommodated.

## I.    PLAINTIFF'S ALLEGATIONS

Taking the allegations in the Complaint as true: Plaintiff, John C.

Wilds ("Wilds") is disabled[1] and uses a service dog to navigate life.  ECF

No. 1 at 4-5.[2]  On July 22, 2021, Wilds brought his service dog with him, off

leash, to the United States Courthouse in Gainesville, Florida.  *Id*.  Upon

entry into the building, Defendants' court security officers denied Wilds

access, telling him that his dog needed to be on a leash for him to enter the

building.  ECF No. 5 at 4.  Wilds says that his service dog must remain off

leash in the event he has a blackout (for the safety of his dog). ECF No. 5

at 4.  By denying him access to the courthouse, Wilds contends

Defendants violated the ADA and Florida law.  For relief, Wilds asks to be

---

[1] Plaintiff says that he has been diagnosed with schizophrenia, PTSD, and blackouts. ECF No. 5 at 5.

[2] Although Wilds is proceeding pursuant to a Second Amended Complaint, ECF No. 19, that Complaint failed to incorporate certain facts, such as the date of the event at issue pleaded in prior filings. Given that Wilds is proceeding *pro se* and suffers from mental health disorders, the Court has considered all of his pleadings and allegations pleaded therein.

permitted to enter the courthouse in the future with his service dog off leash.  ECF No. 5 at 4.

## II.   STANDARD OF REVIEW

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 556, 127 S.Ct. at 1955). "While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations."  *Id*. at 679, 129 S.Ct. at 1950. Detailed factual allegations are not required, but the complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citation omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1964 (citations omitted).

"The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co*., 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth*., 566 U.S. 449 (2012). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997) (*citing SEC v. ESM Grp., Inc*., 835 F.2d 270, 272 (11th Cir. 1988)).

*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted). This leniency, however, does not confer on *pro se* litigants "a right to receive special advantages not bestowed on other litigants." *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). The *pro se* litigant must, for example, "abide by local rules governing the proper form of pleadings." *Id*. Further, "this leniency does not give a court license to serve as *de facto* counsel for a party… or to rewrite an otherwise

deficient pleading in order to sustain an action."  *GRJ Investments, Inc. v. Cty. of Escambia, Fla*., 132 F.3d 1359, 1369 (11ᵗʰ Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (internal citations omitted).

In determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations," while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

## III.    DISCUSSION

In this case, Wilds asserts federal claims pursuant to the ADA and state law claims for violations of Florida statute § 413.08(3).  For the reasons discussed below, Wilds cannot state a federal claim against these Defendants under the ADA, Section 1983, or *Bivens*.  Further, the Court concludes that, even though Section 413.08(3) provides no private right of action, Wilds may pursue damages for alleged violations of the statute under the Florida Civil Rights Act ("FCRA").  The state courts, however, not this Court, should resolve Wilds' FCRA claim.

## I.    Plaintiff has no viable federal claim under the ADA, Section 1983, or *Bivens* against Defendants on the facts alleged.

Construing Wild's allegations quite liberally, the Court cannot find a federal claim under the ADA (or its counterpart with respect to federal buildings), Section 1983, or *Bivens* against Defendants on the facts alleged.  Ironically, had the events that gave rise to this lawsuit taken place in a State courthouse, Wilds would have been able to pursue his claims under both Title II of the ADA and Section 1983.

### A.    *Plaintiff's ADA claims fail because a federal courthouse is not a place of public accommodation under Title III, and federal buildings are ADA-exempt.*

Defendants contend that the only provisions under the ADA that could possibly give rise to Wilds' claims are found in Title III.[3] Yet, Defendants argue that Wilds' Title III ADA claims fail for two reasons.  First, a federal courthouse is not a place of "public accommodation."  Second, Defendants do not "own, lease, or operate a place of public accommodation."  ECF No. 26.

---

[3] Title I of the ADA prohibits discrimination in the workplace.  42 U.S.C. § 12112.  Title II is limited to public entities defined as "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State... or local government." 42 U.S.C. § 12131(1). Title II also protects a disabled plaintiff's right of access to the State courts. *Tennessee v. Lane*, 541 U.S. 509, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004). Title IV governs retaliation against disabled individuals who have engaged in protected activity.  42 U.S.C. § 12203.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "Public accommodation" includes various private entities, if the operations of such entities affect commerce, including places of lodging, establishments serving food or drink, theaters, places used for public transportation, and places of education. 42 U.S.C. § 12181(7). Under the ADA, "damages are not recoverable ... only injunctive relief is available." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (*citing* 42 U.S.C. § 12188(a)(1)).

There is only one federal district court that as haddressed the question of whether a federal courthouse constitutes a place of public accommodation under Title III of the ADA. That court found that it does not. *See Weber v. Eash*, No. 2:15-cv-225-RMP, 2015 WL 8481885, at *3-4 (E.D. Wash. Dec. 8, 2015) (dismissing with prejudice Title III ADA claim, finding that a federal courthouse was not a place of public accommodation).[4]

---

[4] In this case, even if the Court concluded that a federal courthouse is a place of public accommodation under Title III, Defendants do not "own, lease or operate" it. Federal courthouses are owned and operated by the General Services Administration of the

The lack of case law on whether a federal courthouse constitutes a public accommodation under Title III of the ADA is likely because federal government buildings are generally exempt from the ADA.  *See Fiedler v. AMC, Inc.*, 871 F. Supp. 35, 37 (D.D.C. 1994) (acknowledging that Union Station, as a federal building, is exempt from the ADA).  Federal buildings are governed instead by the Architectural Barriers Act of 1968 ("ABA"), 42 U.S.C. § 4151, *et seq*.  *Fiedler,* 871 F. Supp. at 37.

"Congress enacted the ABA 'to insure whenever possible that physically handicapped persons will have ready access to, and use of, [federal] buildings.'" *Cooke v. U.S. Bureau of Prisons*, 926 F. Supp. 2d 720, 727 (E.D.N.C. 2013) (alteration in original) (quoting 42 U.S.C. § 4152). The ABA, however, does not provide a private right of action and courts have refused to imply one.  *See Logan v. Matveeskii*, 175 F. Supp. 3d 209, 232 (S.D.N.Y. 2016) (collecting cases).  A person aggrieved under the ABA may, however, file a complaint with the U.S. Access Board regarding any

---

United States government.  Additionally, very few courts have considered whether security officers can be characterized as owners, lessors, or operators under the Title III of the ADA.  In *Abbot v. Town of Salem*, No. 05-cv-127-SM, 2006 WL 276704, at *3 (D.N.H. Feb. 2, 2006), the district court concluded that mall "security service" was not a "place of public accommodation."  *See also Fernandez v. Frank*, No. 10-00573, 2012 WL 1004322, at *6 (D. Haw. Mar. 23, 2012) (dismissing ADA claim against security guard where there was no evidence that the guard owned, leased, or operated a place of public accommodation).

alleged ABA violation.  *See* https://www.access-board.gov   Further,

because the Access Board has been given jurisdiction to investigate and

resolve ABA violations, some courts have held that a litigant must first

grieve his complaint to the Board before filing suit in federal court.  *See*

*Logan*, 175 F. Supp. 3d at 232-33.

    In view of the above, Wilds has no ADA claim against Defendants,

and to the extent he has an ABA claim, he may file a complaint with the

Access Board.

   B.    *Plaintiff has a constitutional right of access to the courts,*
         *but he cannot enforce the right against these Defendants*
         *under Section 1983 or under Bivens.*

    Wilds does have a constitutional right of access to the courts, but he

cannot enforce it against these Defendants under  § 1983, because they

are not state actors.  Further, he cannot bring a *Bivens* claim against

Defendants because the United States Supreme Court has refused to

extend *Bivens* to private entities.

    "Access to the courts is clearly a constitutional right,[5] grounded in the

First Amendment, the Article IV Privileges and Immunities Clause, the Fifth

---

[5] In *Tennessee v. Lane*, 541 U.S. at 523, 529, 533-534 (U.S. 1978), the Supreme Court
held that Title II of the ADA protects a physically disabled litigant's right to access the
State courts without any physical barriers, like stairs.  Although its holding was limited to
a disabled litigant's access to State courthouses under Title II, the Court recognized a
constitutional right of access to the courts that arises under the Fourteenth Amendment.
*Id*. at 532.

Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich,* 340

F.3d 1279, 1282 (11th Cir. 2003) (per curiam) (*citing Christopher v.*

*Harbury,* 536 U.S. 403, 415 n.12, 122 S.Ct. 2179, 153 L.Ed.2d 413

(2002); *Bank of Jackson County v. Cherry,* 980 F.2d 1362, 1370 (11th Cir.

1993)). "To pass constitutional muster, access to the courts must be more

than merely formal; it must also be adequate, effective, and meaningful."

*Chappell,* 340 F.3d at 1282 (*citing Ryland v. Shapiro,* 708 F.2d 967, 972

(5th Cir. 1983) (*citing Bounds v. Smith,* 430 U.S. 817, 822, 97 S.Ct. 1491,

52 L.Ed.2d 72 (1977)). Moreover, interference with the right of access by

state actors may be actionable as a deprivation of constitutional rights

under 42 U.S.C. § 1983.  *Chappell*, 340 F.3d at 1283; *see also Ryland v.*

*Shapiro*, 708 F.2d 967, 972 (5th Cir. 1983) ("Interference with the right of

---

This duty to accommodate is perfectly consistent with the well-established due process principle that, within the limits of practicability, a State must afford to all individuals a meaningful opportunity to be heard in its courts…. Our cases have recognized a number of affirmative obligations that flow from this principle: the duty to waive filing fees in certain family-law and criminal cases, the duty to provide transcripts to criminal defendants seeking review of their convictions, and the duty to provide counsel to certain criminal defendants. Each of these cases makes clear that ordinary considerations of cost and convenience alone cannot justify a State's failure to provide individuals with a meaningful right of access to the courts.

*Id*. at 532-33 (internal citation and quotation marks omitted).

access to the courts gives rise to a claim for relief under section 1983.")
(citations omitted).

In this case, Defendants are federal contractors.[6] "Section 1983
does not provide a cause of action against a federal official or contractor."
*Irving v. PAE Gov't Servs., Inc*., 249 F. Supp. 3d 826, 835 (E.D. Va.
2017). By its own terms, § 1983 applies only to state actors acting under
color of state law, not to federal actors acting under color of federal
law. *See Hindman v. Healy*, 278 F. App'x 893, 895 (11th Cir. 2008) (citing
(*citing District of Columbia v. Carter*, 409 U.S. 418, 424-25, 93 S.Ct. 602,
34 L.Ed.2d 613 (1973)). That means, Wilds has no  § 1983 claim against
these Defendants.

Wilds also does not have a claim under *Bivens v. Six Unknown Fed.
Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed. 2d 619 (1971), to
enforce constitutional rights. A *Bivens* claim is available when a
federal actor violates a plaintiff's federal rights while acting under color of
federal law. *See Holly v. Scott*, 434 F.3d 287, 291 (4th Cir. 2006). Notably,
however, the Supreme Court has refused to extend *Bivens* liability to
private entities who contract with the federal government, as is the case

---

[6] According to the U.S. Marshal's Service ("USMS"), the USMS contracts with
Defendants to supply the federal courthouse in Gainesville, Florida with Court Security
Officers ("CSOs").

here. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 122 S.Ct. 515, 151
L.Ed.2d 456 (2001). In *Correctional Services Corporation v. Malesko*, a
federal offender brought a *Bivens* suit against a private corporation that
operated a halfway house. The offender alleged that the corporation's
employees violated his constitutional rights by forcing him to walk up five
flights of stairs, causing him injuries when he suffered a heart attack and
fell. The Supreme Court declined to extend *Bivens* liability to private
entities primarily on the grounds that the purpose of *Bivens* is to deter
federal officers (not private actors) from violating a citizen's constitutional
rights. 534 U.S. at 70, 122 S.Ct. at 521. The Court pointed out that since
its holding in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15
(1980), the Court has "consistently refused to extend *Bivens* liability to any
new context or new category of defendants." *Malesko*, 534 U.S. at 68, 122
S.Ct. at 520. And "because the purpose of *Bivens* is to deter individual
federal officers from committing constitutional violations" "inferring a
constitutional tort remedy against a private entity… is therefore foreclosed."
*Id*. at 70-71, 122 S.Ct. at 521. As a result, federal contractors cannot be
held liable under *Bivens*.

The Defendants here are private security companies who provide
security services for the U.S. District Court for the Northern District of

Florida (Gainesville Division) under a federal contract.  They cannot,

therefore, be held liable for alleged constitutional violations under *Bivens*.

And, as the Supreme Court has noted, "merely private conduct, no matter

how discriminatory or wrongful," does not constitute state or federal action

and is excluded from the reach of Section 1983 or *Bivens*.  *Am. Mfrs. Mut.*

*Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130

(1999) (citations omitted).

In sum, Wilds has no federal mechanism for suing Defendants for the

alleged constitutional violation.

## II.   No private right action exists under Florida Statute § 413.08(3), but Plaintiff may sue for damages for its violation under the Florida Civil Rights Act.

In addition to his federal claim, Wilds seeks to bring a state-law claim

based on alleged violations of Section 413.08(3), which provides, in

relevant part:

> An individual with a disability has the right to be accompanied
> by a service animal in all areas of a public accommodation that
> the public or customers are normally permitted to occupy.
>
> (a)   The service animal must be under the control of its
> handler and must have a harness, leash, or other tether,
> unless either the handler is unable because of a disability
> to use a harness, leash, or other tether, or the use of a
> harness, leash, or other tether would interfere with the
> service animal's safe, effective performance of work or
> tasks, in which case the service animal must be otherwise

under the handler's control by means of voice control,
signals, or other effective means.

(b)    Documentation that the service animal is trained is
not a precondition for providing service to an individual
accompanied by a service animal. A public
accommodation may not ask about the nature or extent of
an individual's disability. To determine the difference
between a service animal and a pet, a public
accommodation may ask if an animal is a service animal
required because of a disability and what work or tasks
the animal has been trained to perform.

Fla. Stat. § 413.08(3)(a) and (b).

Defendants argue that Wilds' Section 413.08(3) claim must be

dismissed because the statute does not provide a private right of action.

That is partially correct. Courts have refused to recognize a private right of

action under Section 413.08. *Ring v. Boca Ciega Yacht Club, Inc*., No.

8:19-cv-772-T-33JSS, 2019 WL 5802634, at *12 (M.D. Fla. Nov. 7, 2019)

(*citing Johnson v. Yashoda Hosp., Inc*., No. 2:15-cv-611-FtM-99CM, 2016

WL 6681023, at *3 (M.D. Fla. Nov. 14, 2016)); see *also Gutman v. Quest*

*Diagnostics Clinical Labs*., No. 09-22939-CIV-UNGARO, 2010 WL

11505460, at *2 (S.D. Fla. Jan. 4, 2010) ("Florida statute 413.08(3) does

not create a private right of action"). The courts' refusal to find a private

right of action in the statute is based, in part, on the fact that Section

413.08 provides only for criminal penalties. *See* Fla. Stat. § 413.08(4)

(stating that whoever violates the statute commits a second-degree

misdemeanor and must perform community service).  And, apart from the context of public employment, "no court has yet recognized a private cause of action under Fla. Stat. § 413.08."  *Ring,* 2019 WL 5802634, at *12.

Rather than pursuing his claims directly under Section 413.08(3), Wilds may, however, seek relief under the FRCA, Fla. Stat. § 760.01, for its violation.  "The FCRA, with its broad language, provides the mechanism to obtain private relief and damages under Section 413.08." *Ring*, 2019 WL 5802634, at *12.  Section 760.07 states that **"**[a]ny violation of any Florida statute making unlawful discrimination... gives rise to a cause of action" for damages. Fla. Stat. § 760.07. *See also Sheely v. MRI Radiology Network, P.A*., 505 F.3d 1173, 1204-06 (11th Cir. 2007) (recognizing that a violation of Section 413.08 can be enforced through an FCRA cause of action); *Johnson*, 2016 WL 6681023, at *3 (stating that Section 413.08 is enforceable through the FCRA).

Because Wilds is proceeding *pro se*, the Court construes his state law claims for violations of Section 413.08(3) to arise under the FCRA.[7]

---

[7] The FCRA has an exhaustion requirement that must be satisfied.

The Act provides that "[a]ny person aggrieved by a violation of §§ 760.01–760.10 may file a complaint with the [Florida] [C]ommission [on Human Relations] within 365 days of the alleged violation .... [or] with the federal Equal Employment Opportunity Commission or with any unit of government of the state which is a fair-employment-practice agency under 29 C.F.R. §§ 1601.70–1601.80." *Id.* § 760.11(1). "Within 180 days

Whether Wilds can bring a FCRA claim against Defendants for denying him access to a federal building is a question that should be decided by the state courts, not this one.  That is because Wilds has no federal claim.  The law is well-settled in this Circuit that the court should decline exercising supplemental jurisdiction over a state law claim when the Court, as here, is dismissing all federal causes of action.[8]  Courts are

---

of the filing of the complaint, the commission shall determine if there is reasonable cause to believe that [a] discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992." *Id.* § 760.11(3). "*In the event that the commission determines that there is reasonable cause to believe that a discriminatory practice has occurred* ..., the aggrieved person may ... [b]ring a civil action ... in any court of competent jurisdiction ...." *Id.* § 760.11(4)(a) (emphasis added). However, "[i]f the commission determines that there is not reasonable cause ..., the commission shall dismiss the complaint .... If the aggrieved person does not request an administrative hearing within ... 35 days, the claim will be barred." *Id.* § 760.11(7).

*Sheely*, 505 F.3d at 1205.

[8] In *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342 (11th Cir. 1997) the Eleventh Circuit summed up the principle of comity that drive this outcome as follows:

Resolution of Plaintiffs' state law claims depends on determinations of state law. State courts, not federal courts, should be the final arbiters of state law. *Hardy v. Birmingham Bd. of Educ.,* 954 F.2d 1546, 1553 (11th Cir.1992). When coupled with the Court's discretion to exercise supplemental jurisdiction under § 1367(c), this Court finds that the state law claims remaining in this action are best resolved by the [state] courts. This is especially true here where the Court is dismissing Plaintiffs' federal law claim prior to trial. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (dismissal of state law claims strongly encouraged when federal law claims are dismissed prior to trial); *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988) ("When federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should

encouraged to avoid exercising supplemental jurisdiction when original jurisdiction is lacking.  28 U.S.C.§ 1367(c)(3) (allowing a court to decline to exercise supplemental jurisdiction over a claim over which it has supplemental jurisdiction if the "district court has dismissed all claims over which it has original jurisdiction."); *see also Raney v. Allstate Ins. Co*., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

Therefore, the Court should decline to exercise jurisdiction over Wilds' FCRA claim.

## IV.   CONCLUSION

For the reasons discussed above, it is respectfully **RECOMMENDED** that Defendants' Motion to Dismiss, ECF No. 26, should be **GRANTED** and

---

decline the exercise of jurisdiction by dismissing the case without prejudice prejudice."); *Eubanks v. Gerwen,* 40 F.3d 1157 (11th Cir.1994) (remanding case to district court to dismiss plaintiff's state law claims where court had granted summary judgment on plaintiff's federal law claims).  The Court finds that judicial economy, fairness, convenience, and comity dictate having these state law claims decided by the state courts.

*Baggett*, 117 F.3d at 1353.

this case should be **DISMISSED without prejudice.**

**IN CHAMBERS** at Gainesville, Florida this 29th day of July 2022.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.